09-5214-ag
Badiaga v. Holder

BIA
A075 838 849

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of February, two thousand eleven.

PRESENT:
>	GUIDO CALABRESI,
>	REENA RAGGI,
>	GERARD E. LYNCH,
>		*Circuit Judges.*

_____

DJEIDI BADIAGA,
>		*Petitioner,*

>	v.	09-5214-ag
		NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>		*Respondent.*

_____

FOR PETITIONER:	Theodore Vialet, New York, NY

FOR RESPONDENT:	Tony West, Assistant Attorney General; Terri J. Scadron, Assistant Director; Genevieve Holm, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Djeidi Badiaga, a native and citizen of the Republic of the Congo ("Congo"), seeks review of a November 23, 2009, order of the BIA denying his motion to reopen. *In re Badiaga,* No. A075 838 849 (B.I.A. Nov. 23, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)) (internal quotation marks omitted).

It is beyond dispute that Badiaga's motion to reopen was untimely and number-barred because it was filed more than six years after the BIA's dismissal of Badiaga's appeal of his removal order, and because Badiaga previously filed a motion to reopen in December 2002. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Badiaga

contends, however, that the time and number limitations do not apply to his motion to reopen because it was "based on changed circumstances arising in the country of nationality" and the evidence he submitted "is material and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R. § 1003.2(c)(3)(ii).

In fact, substantial evidence supports the BIA's determination that Badiaga failed to adduce material evidence of changed country conditions in the Congo sufficient to support a *prima facie* asylum claim.  The BIA reasonably found that Badiaga's affidavit and supporting letters from friends lacked specificity, particularly with regard to the alleged mistreatment of individuals who fled the Congo before the civil war and were repatriated.  *See Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 114 (2d Cir. 2005); *Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002).  Further, as Badiaga concedes, the submitted 2008 U.S. State Department Report on Human Rights in the Congo contained no discussion of the situation that Badiaga fears.  Accordingly, the agency reasonably determined that the Report failed to provide support for Badiaga's claim.  *See generally Jian Xing Huang v. INS*, 421

F.3d 125, 129 (2d Cir. 2005) (observing that the agency is entitled to rely on country conditions report so long as it does not overlook any contradictory evidence presented by petitioner).  In sum, because the record supports the BIA's determination that the evidence offered by Badiaga was insufficient to establish changed country conditions excusing the time and numerical limits for filing his motion, *see Jian Hui Shao v. Mukasey*, 546 F.3d 138, 154-55 (2d Cir. 2008), we identify no abuse of discretion in the agency's decision.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4